# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist GARY R. MYERS**
**United States Army, Appellant**

ARMY 20120575

Headquarters, 25th Infantry Division
David Conn, Military Judge
Colonel George R. Smawley, Staff Judge Advocate (pretrial)
Colonel Mark A. Bridges, Staff Judge Advocate (post-trial)

For Appellant: Major Jacob D. Bashore, JA; Captain A. Jason Nef, JA; Captain Aaron R. Inkenbrandt, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain Kenneth W. Borgnino, JA (on brief).

20 August 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

COOK, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of wrongfully attempting to view child pornography on divers occasions, three specifications of wrongfully attempting to produce child pornography on divers occasions, and three specifications of wrongfully viewing child pornography on divers occasions, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the grade of Private E1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, five years of confinement, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

This case is before this court for review under Article 66, UCMJ. Appellant submitted a merits pleading to this court and personally raised the issue of unreasonable multiplication of charges, as well as another issue which does not merit discussion or relief, pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). Thereafter, this court issued an order to both the government and appellant's counsel to brief the specified issue[*] of unreasonable multiplication of charges. We have now received briefs from both parties on this issue.

## LAW AND DISCUSSION

In its brief, the government concedes Specifications 2, 4, and 6 of Charge II, the three specifications of wrongfully attempting to produce child pornography, were unreasonably multiplied with Specifications 1, 3, and 5 of Charge II, the three specifications of wrongfully attempting to view child pornography over the same time span. We agree and accordingly accept the government's concession.

Pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4), "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Our superior court, in *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001), listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*Id*. at 338.

---

[*] WHETHER APPELLANT'S CONVICTIONS ON THE SIX SPECIFICATIONS OF CHARGE II ARE THE RESULT OF UNREASONABLE MUTIPLICATION OF CHARGES.

In regards to the first *Quiroz* factor, appellant did not raise this issue at trial. However, we are still permitted to consider this matter on appeal. *See United States v. Gilchrist*, 61 M.J. 785, 789 (Army Ct. Crim. App. 2005). We do not find in appellant's favor in regards to the fourth *Quiroz* factor. At trial, government counsel conceded Specifications 1, 3, and 5, should be merged with Specifications 2, 4, and 6, for sentencing purposes because the charges comprised three sets of "unitary offenses." Appellant's trial defense counsel did not object and the military judge accepted the government's position. Accordingly, he combined the specifications to determine the maximum available sentence to confinement. As such, appellant's punitive exposure was not unreasonably increased by the number of specifications in Charge II. Regarding the fifth *Quiroz* factor, we do not find in appellant's favor because there is no evidence of prosecutorial overreaching or abuse. The specifications in question were directed at different offenses, namely the attempted wrongful viewing of child pornography as well as the attempted wrongful production of child pornography. Evidently, these offenses were charged in the alternative.

In regards to the remaining two *Quiroz* factors, however, we find in favor of the appellant. Appellant's criminal act, requesting via webcam and chat messaging that children on the other end of the transmission engage in sexually explicit conduct, was intended to produce child pornography for the sole purpose of his viewing these illegal images in real-time. The stipulation of fact and appellant's providence inquiry reveal that appellant's identical criminal acts form the basis for the three sets of specifications. As conceded by the government, based on the facts of this case, "appellant's 'production' of child pornography . . . for the purpose of [his] real-time viewing amounts to, in essence, a single transaction."

We therefore hold, pursuant to the second and third *Quiroz* factors, that appellant's attempted production and attempted viewing were not aimed at distinctly separate criminal acts and the addition of these specifications does misrepresent or exaggerate the appellant's criminality. As such, we will take appropriate action in our decretal paragraph to remedy this issue.

## CONCLUSION

On consideration of the entire record, the error noted, and those matters personally raised by appellant pursuant to *Grostefon*, the findings of guilty of Specifications 2, 4, and 6, Charge II, the wrongful attempted production of child pornography offenses, are set aside. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence based on the dismissal of Specifications 2, 4, and 6, of Charge II, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40

MYERS – ARMY 20120575

(C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Judge CAMPANELLA and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court